UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADRIENNE BUNDY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JOHN BARAN, et al.,<br><br>　　Defendants. | Case No. 2:24-CV-305-GSL-AZ |

## **OPINION AND ORDER**

Adrienne Bundy, proceeding pro se, wishes to sue Officer John Baran of the Munster Police Department and the Department itself. [DE 1]. Because she is unable to pay the filing fee, she has moved for leave to proceed in forma pauperis. [DE 2]. For the following reasons, Plaintiff's complaint is dismissed with prejudice. Consequently, her motion to proceed in forma pauperis is denied as moot.

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion to Proceed In Forma Pauperis [DE 2] establishes that she is unable to prepay the filing fee.

However, before Plaintiff's case may proceed, the Court must examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Wartman v. Branch 7, Civ. Div., Cnty. Ct., Milwaukee Cnty., State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975); 28 U.S.C. § 1915(e)(2)(B). In *Neitzke v. Williams*, the Supreme Court said that a complaint is

frivolous under § 1915(e)(2)(B)(i), formerly § 1915(d), when it lacks "an arguable basis either in law or in fact." 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it rests on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 326. For example, it is frivolous to assert a claim rooted in a nonexistent legal interest. *Id.* at 327. Bringing a set of claims to a court that is without the power to grant relief on those claims is another example.

Here, Plaintiff alleges she was injured from events that followed her report to the Munster Police Department that her neighbor's dog was relieving itself on her property. [DE 1]. When Officer Baran arrived at Plaintiff's house to investigate, he offered to talk with Plaintiff's neighbor about the issue. [*Id.*]. According to Plaintiff, after the conversation with the neighbor, Officer Baran "re-approached Plaintiff's property in a manner that was aggressive and adversarial[.]" [*Id.*]. In response, Plaintiff "expressed her frustration vocally, in what [s]he believed to be a state of 'righteous anger' as defined by [her] religious beliefs." [*Id.*]. That is when the neighbor came onto Plaintiff's property and Officer Baran chose "to display favoritism to the neighbor, who shares the same racial background as the officers." [*Id.*]. Plaintiff was then arrested, and she contends this happened without the officers giving her an opportunity to "deescalate the situation." [*Id.*]. Based on these facts, she asserts that Officer Baran and the Munster Police Department violated her constitutional rights through (1) falsely arresting her, (2) racially discriminating against her, and (3) falsifying the corresponding police report.[1] [*Id.*].

This Court follows the Supreme Court's direction that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

---

[1] She also claims that the incident significantly impaired her professional reputation and employability. [DE 1]. However, in her Motion to Proceed In Forma Pauperis [DE 2], Plaintiff states that she has been unemployed since 2016 due to injuries she suffered in a car accident.

Even so, the maxim that federal courts are "courts of limited jurisdiction" applies to all litigants. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). One such limitation comes from the *Rooker-Feldman* doctrine, which says that lower federal courts do not have subject matter jurisdiction to review state court civil decisions. *See Edwards v. Illinois Bd. of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (citations omitted). Federal courts are obligated to "inquire into the existence of [such] jurisdiction *sua sponte*." *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

This is not Plaintiff's first filing in this Court. In fact, she filed two lawsuits based on these same events earlier this year. *Bundy v. Bojovic I*, Case No. 2:24-cv-00135 (N.D. Ind. July 31, 2024); *Bundy v. Bojovic II*, Case No. 2:24-cv-00136 (N.D. Ind. July 31, 2024). Similarly, Plaintiff brought this same matter before a judge in Lake County; it proceeded to trial, which Plaintiff lost. *See Bundy v. John Baran, Town of Munster*, Case No. 45D03-2310-SC-004765 (Super. Ct. Lake Cnty. Ind. Aug. 6, 2024). In pertinent part, the judgment, states:

- "Plaintiff's Amended Notice of Claim seeks relief for "racial profiling, a false (lying) report, wrongful conviction, and false arrest." *Id.*, at ¶ 26;

- "Plaintiff failed to prove the [Defendants] . . . treated Plaintiff differently than [her neighbor]" based on race. *Id.*, at ¶ 40;

- Plaintiff failed to prove a *Monell* claim against Defendants. *Id.*, at ¶ 42;

- "Plaintiff also failed to prove that [Defendants] . . . failed to take steps to adequately train or supervise Defendant Baran individually, or its officers generally, in a manner that allowed a racially discriminatory practice, pervasive or otherwise, to develop within the Police Department . . . ." *Id.*, at ¶ 43;

- Plaintiff failed to prove, by preponderance of the evidence that she was subjected to false arrest. *Id.*, at ¶¶ 51-52;

- "Plaintiff is correct that there are objective misstatements in Defendant Baran's report . . . [but she] failed to prove that those misstatements were a knowing, conscious, or intentional attempt or effort to discriminate against Plaintiff by a preponderance of the evidence." *Id.*, at ¶¶ 54-55;

- "During the presentation of evidence, Plaintiff indicated that she is now employed, which is a material change in position from the economic condition she reported when she sought to leave to proceed as a pauper. Plaintiff's permission to continue to proceed as a pauper should be rescinded." *Id.*, at ¶¶ 60-61; and

- "Judgment is hereby entered in favor of Defendants on Plaintiff's Amended Notice of Claim, and Plaintiff shall take nothing by way of her claim." *Id.* at p. 8, ¶ 1.

The claims in ¶ 26 of the state court order, of which this Court takes judicial notice, are the exact same as those now before the Court.[2] By filing claims in federal court that were already decided against her in state court, Plaintiff is, in essence, seeking review of the state court decision. Under *Rooker-Feldman*, this Court does not have the subject matter jurisdiction to hear such a case.

Therefore, Plaintiff's action is dismissed with prejudice under § 1915(e)(2)(B)(i) because without subject matter jurisdiction, Plaintiff's claims lack an arguable basis in the law before *this* Court, making the claims frivolous. In deciding on these grounds, the Court does not analyze whether res judicata or collateral estoppel apply, though they likely would. The Court also does not evaluate whether the factual allegations were sufficiently plead.

Accordingly, Plaintiff's Complaint [DE 1] is **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As a result, Plaintiff's Motion to Proceed In Forma Pauperis [DE 2] is **DENIED AS MOOT**.

SO ORDERED.

ENTERED: November 19, 2024

/s/ GRETCHEN S. LUND  
Judge  
United States District Court

---

[2] Federal Rule of Evidence 201 allows the Court to take judicial notice, on its own, of a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Orders entered by a state court are public records that are appropriate subjects of judicial notice. *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (citations omitted).